Reese, J.
delivered the opinion of the court.
This suit, by bills, cross bills,' amended bills, supplemental bills, and the consolidation of distinct original bills, by demurrers, by answers, by dismissal's of some of the bills by the parties, and some by the court has been involved in much complication and obscurity. It is needless to pursue or to describe the labyrinth.
The general question decided as to those parties, who had a status in court, when the final action of the Chancellor took place is, whether an administrator de bonis non, in this state, acts by virtue of a limited commission, or is the general personal representative of the deceased, having full power to do what the first administrator might have done?
As to this question, we entertain no doubt; however it may be in England, or elsewhese, .an administrator de bonis non in our State is clothed with the full powers, and subject to all the duties of the first personal representative, and is embraced and described in our statutes by the general description of administrator, whether by such statutes, powers are given, or duties imposed. It results from this, that he can call to account, the personal representatives of the first administrator. See 1 Dev. E. R. 422.
The Chancellor dismissed the bill on the ground, that this could not be done. In this, we think, he erred. His decree is, therefore, reversed, and ihe cause remanded, in order that an account may be taken.